# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

Brian Eugene Lepley,

    Petitioner

v.

Dwight Neven, et al.,

    Respondents

2:14-cv-01575-JAD-GWF

**Order Granting Motion to Dismiss and Motion to File Under Seal and Denying all other Pending Motions as Moot**

[ECF 13, 16, 17, 27, 36, 40]

Brian Eugene Lepley brings this petition for a writ of habeas corpus to challenge an August 2010 amended judgment of conviction. On November 24, 2014, I granted Lepley pauper status and granted his request for 30 days to file an amended petition,[1] which he timely filed.[2] Respondents now move to dismiss Lepley's amended petition.[3] Because I find that this action is untimely, I grant respondents' motion and dismiss this case with prejudice.

### Discussion

Congress has prescribed strict time limits for filing habeas corpus petitions under 28 U.S.C. § 2254. The one-year limitation period for filing a § 2254 challenge begins to run on the date the state-court judgment becomes final.[4] A judgment becomes final at the conclusion of direct review or at the expiration of the time for seeking that review, which is 30 days in Nevada.[5] Any time spent

---

[1] ECF 5.

[2] ECF 8.

[3] ECF 17.

[4] 28 U.S.C. 2254(d)(1)(A). Sections d(1)(B)–(D) provide alternative dates on which the statute begins to run that are not applicable on the facts of this case.

[5] *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012); NEV. R. APP. P. 4(b), 26(a).

pursuing a properly-filed state habeas petition is excluded,[6] but the clock begins to run again when the post-conviction judgment becomes final.[7]

A jury in Nevada's Fifth Judicial District Court convicted Lepley of one count of sexual assault, one count of open or gross lewdness; two counts of offering, attempting, or committing an unauthorized act relating to a controlled substance; five counts of possession of a controlled substance; and one count of intentional transmission of human immunodeficiency virus.[8] Lepley appealed, and the Nevada Supreme Court affirmed the conviction for all counts except the sexual-assault count, which it remanded for retrial.[9]

On remand, Lepley was again found guilty of sexual assault. On May 9, 2002, the state district court entered a separate judgment of conviction for that count, but left the first judgment of conviction untouched.[10] Lepley appealed; the Nevada Supreme Court affirmed.[11] Lepley then filed a petition for a writ of certiorari with the Supreme Court of the United States; it was denied on December 6, 2004.[12]

On September 20, 2005, Lepley filed a motion to amend the judgment of conviction in state district court.[13] He argued that he had not received the correct amount of credit toward an earlier release from prison. The parties agreed to work towards an amended judgment of conviction,[14] and

---

[6] 28 U.S.C. § 2244(d)(2).

[7] *Jefferson v. Budge*, 419 F.3d 1013, 1015 at n. 2 (9th Cir. 2005).

[8] ECF 21-3.

[9] ECF 22-1.

[10] ECF 23-22.

[11] ECF 24-17.

[12] ECF 25-4.

[13] ECF 25-5.

[14] ECF 25-18.

the amended judgment of conviction giving Lepley 1,404 days of credit for time served, was entered on August 9, 2010.[15] **Lepley did not appeal the amended judgment, so it became final on September 8, 2010.**

The parties have missed one potentially relevant state-court proceeding that I take judicial notice of: Lepley's state habeas case, *Lepley v. Legrand*, No. 60187.[16]  Lepley filed a habeas petition in Nevada's Sixth Judicial District Court on February 1, 2011, challenging his sentencing computation.  I do not have a copy of this petition, but in documents filed with the notice of appeal Lepley notes that he had received 1,404 days of credit for time served and expresses confusion about why he has not been released.  I assume for purposes of this order that *Lepley v. Legrand* involved the amended judgment of conviction that is at issue in this case, and its filing thus tolled the one-year limitations period.[17]  The Sixth Judicial District Court denied the petition on January 11, 2012.  Lepley appealed, and the Nevada Supreme Court affirmed on October 8, 2012.  Remittitur issued on November 12, 2012.  In February and May 2014, Lepley filed additional motions to modify and/or correct an illegal sentence.[18]

Even taking into account the time that *Lepley v. Bell* was pending, this action is untimely.  The one-year period began to run after the amended judgment of conviction became final on September 8, 2010.  176 days passed before Lepley filed his state habeas petition challenging the computation of his sentence on February 1, 2011.  The one-year period was tolled until the Nevada Supreme Court issued its remittitur on November 12, 2012.  189 days later, **on May 10, 2013, the**

---

[15] ECF 8-4.

[16] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=28351 (report generated February 24, 2016).

[17] 28 U.S.C. § 2244(d)(2).  Lepley has filed other habeas corpus petitions in Nevada's Sixth Judicial District Court and has appealed the decisions of that court to the Nevada Supreme Court, case numbers 49277, 53508, and 62515.  Those petitions involved prison disciplinary proceedings that resulted in a forfeiture of good-time credits earned under NRS § 209.446.  The decisions at issue in those actions are the disciplinary decisions, not the amended judgment of conviction at issue in this action.  Those actions do not toll the one-year period for challenging the amended judgment of conviction.

[18] ECF 25-20.

**one-year period expired.** Lepley's illegal-sentence motions, filed in 2014, did not and could not toll the one-year period because it already had expired.[19]

Having determined that Lepley's petition is untimely, I grant the motion to dismiss.[20] I also deny his motion to extend the prison copywork limit,[21] motion for default,[22] motion to stay,[23] and motion for expeditious review as moot.[24] Because information contained in presentence investigation reports is confidential and sensitive, I grant respondents' motion for leave to file Lepley's presentence report under seal.[25] Finally, because reasonable jurists would not find my determination that Lepley's petition is untimely debatable or wrong, I decline to issue him a certificate of appealability.

**Conclusion**

Accordingly, good cause appearing, IT IS HEREBY ORDERED that petitioner's motion to extend prison copywork limit **[ECF 13]**, motion for default and petitioner's reply **[ECF 16]**, motion to stay in abeyance **[ECF 36]**, motion for expeditious review **[ECF 40] are DENIED**.

IT IS FURTHER ORDERED that respondents' motion for leave to file presentence report under seal **[ECF 27] is GRANTED**.

---

[19] *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

[20] ECF 17.

[21] ECF 13.

[22] ECF 16.

[23] ECF 36.

[24] ECF 40.

[25] ECF 27.

IT IS FURTHER ORDERED that respondents' motion to dismiss **[ECF 17]** is **GRANTED** and **a Certificate of Appealability is DENIED**.  This action is **DISMISSED** with prejudice as untimely.  The Clerk of the Court is instructed to enter judgment accordingly and **CLOSE THIS CASE.**

Dated this 29th day of February, 2016

_____
Jennifer A. Dorsey
United States District Judge